**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

**RAMIRO ADONAY GONZALEZ NATAREN**      **CASE NO.  1:26-CV-01253 SEC P**
**#A241-112-990**

**VERSUS**                                                        **JUDGE JAMES D. CAIN, JR.**

**WARDEN WINN CORRECTIONAL CENTER    MAGISTRATE JUDGE HORNSBY**
**ET AL**

**MEMORANDUM ORDER**

Before the court is an Emergency Motion for Stay of Removal [doc. 3] filed by the next friend of Ramiro Adonay Gonzalez Nataren, who is in ICE custody at Winn Correctional Center in Winnfield, Louisiana, after being detained in March 2026. Through the motion, which the court construes as a request for a temporary restraining order, the petitioner requests that the court restrain respondent from removing him during the pendency of his habeas proceedings.

An applicant for a temporary restraining order ("TRO") or preliminary injunction must demonstrate each of the following: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm that the injunction might do to the opposing party, and (4) that granting the injunction will not disserve the public interest. *Misquitta v. Warden Pine Prairie ICE Processing Ctr.*, 353 F.Supp.3d 518, 521 (W.D. La. 2018) (citing *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. *Moore v. Brown*, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often than not. *Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are

"extraordinary relief and rarely issued."); *see also Suburban Propane, L.P. v. D & S GCTX LLC*, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); *Anderson v. Jackson*, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

Petitioner cannot satisfy the first factor by demonstrating that his cause will succeed on the merits. The length of his detention does not exceed the six-month threshold set forth in *Zadvydas v. Davis*, 533 U.S. 678 (2001). And controlling authority provides that non-citizens found to be unlawfully in this country are subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). The undersigned will make no further inquiry into the merits of the petition at this point because courts should not allow petitioners to skip the line on habeas review by dressing their petitions as TRO's. *See Rodriguez v. Lyons*, 2025 WL 3553742, at *1 (W.D. La. Dec. 8, 2025) (denying a "motion to decide my habeas petition now."); *Lindell v. United States*, 82 F.4th 614, 618 (8th Cir. 2023) ("[T]he purpose of injunctive relief is to preserve the status quo; it is not to give the movant the ultimate relief he seeks."). The Motion [doc. 3] is therefore **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 23rd day of April, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

Page 2 of 2